**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                         OAKLAND DIVISION

6

7   MANUEL L. BODY,

8                    Plaintiff,                    No. C 12-6145 PJH (PR)

9        v.                                        **ORDER OF DISMISSAL**

10  M PHILLIPS, et al.,

11                   Defendants.
                                              /
12

13        Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights

14  complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma

15  pauperis.

16                         **DISCUSSION**

17  **A.   Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at

23  1915A(b)(1),(2).

24        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

25  elements:  (1) that a right secured by the Constitution or laws of the United States was

26  violated, and (2) that the alleged deprivation was committed by a person acting under the

27  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

28  ///

**United States District Court**
For the Northern District of California

**B.      Legal Claims**

Plaintiff contends that the defendant correctional officer lost his flat-screen television when his property was stored.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

Plaintiff's allegations involve a random and unauthorized deprivation of property not cognizable under section 1983, so must be dismissed.  Moreover, plaintiff has brought this exact same claim on several other occasions: No. C 11-4702 PJH (PR), No. C 11-5734 PJH (PR) and No. C 12-2871 PJH (PR).  In each case plaintiff was informed why his complaint failed to state a claim and the cases were dismissed with prejudice.  It is not clear why plaintiff continues to file the same frivolous action.

**CONCLUSION**

For the reasons set out above, the complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 4, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Body6145.dsm.wpd

2